NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2324
_____

BEATRICE MARINO, Appellant

v.

JENNIFER VELEZ, Commissioner,
New Jersey Department of Human Services;
JOHN R. GUHL, Director, New Jersey Department of Human Services,
Division of Medical Assistance and Health Services
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 3-10-cv-00911)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2011
_____

Before:  RENDELL, AMBRO, and FISHER, Circuit Judges

(Opinion filed: January 10, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

The case involves a dispute over the date of imposition of a penalty period for

Medicaid benefits.  Specifically, Beatrice Marino argues that the Commissioner of the

New Jersey Department of Human Services and the Director of that State's Division of Medical and Assistance and Health Services (the "Commissioner" and the "Director," respectively) erred in calculating her assets for the purpose of determining her penalty period. We disagree, and thus affirm.

I.

Marino has resided at Care One at King James nursing facility, located in Navesink, New Jersey, since April 2007. In February 2009, she applied for Medicaid benefits. Prior to applying, between November 2006 and January 2008, Marino made gifts to various family members totaling $192,000. As a result, a penalty period of 26 months and 21 days was imposed, during which time Marino, although otherwise eligible, could not receive benefits. *See* 42 U.S.C. § 1396p(c)(1) (imposing a penalty period when an applicant transfers assets for less than fair market value during the five years prior to the date of application). Subsequently, Marino's family members returned $89,000 to her. As result, the penalty period was reduced to 14 months and 6 days to reflect the net gifted amount of $103,000. The penalty period began to run on April 1, 2010, the date on which Marino was determined to be Medicaid eligible (but for the penalty period), having spent down her returned gifts and other assets.

On March 4, 2010, Marino filed a motion for preliminary injunction, asserting that the Commissioner and the Director had improperly "tolled" her penalty period. The District Court denied the motion, ruling that Marino had failed to show a likelihood of success on the merits of her claim. She appeals.

2

## II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1292(a)(1) (interlocutory appeals as of right involving the denial of a motion for a preliminary injunction).

"In reviewing [a] district court's order denying [a] motion for a preliminary injunction, '[w]e review [its] conclusions of law in plenary fashion, its findings of fact under a clearly erroneous standard, and its decision to grant or deny the injunction for an abuse of discretion.'" *New Jersey Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3d Cir. 1995) (quoting *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).

An injunction is an "extraordinary remedy" that should be granted only in "limited circumstances." *AT&T*, 42 F.3d at 1426-27 (internal quotations omitted). "In ruling on a motion for a preliminary injunction, the court must consider: '(1) the likelihood that the plaintiff will prevail on the merits at the final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.'" *Id.* at 1427 (quoting *Opticians Ass'n v. Indep. Opticians*, 920 F.2d 187, 191-92 (3d Cir. 1990)).

## III.

On appeal, Marino argues that her penalty period was improperly "tolled" from March through June 2009, the time after which the initial penalty period was imposed but during which she received the $89,000 returned to her by family members. She asserts

3

that, because she was resource-eligible for Medicaid during those months, her penalty period should have begun in March 2009, ended in June 2009, and begun again in April 2010, when she once more became resource-eligible after spending down her assets.

We are not persuaded. As the District Court pointed out, in March through June 2009, Marino received return amounts totaling $89,000, well in excess of the qualifying resource limit for Medicaid. She then asked the Commissioner and the Director to recalculate her penalty based on the returned gifts, and thereby treat them as though they had remained her property. Marino cannot now claim that she should get credit toward her recalculated penalty period for those months, even though she remained technically resource-eligible for Medicaid because she did not receive the returned funds until the end of June 2009.[1]

Because we believe that the District Court did not abuse its discretion in holding that Marino had failed to show a likelihood of success on the merits, we need not reach her argument that she has shown a likelihood of prevailing on the remaining elements required for a preliminary injunction to issue.

*  *  *  *  *

For these reasons, we affirm the judgment of the District Court.

---

[1] In addition, there is some doubt as to whether Marino was actually resource-eligible from March to June 2009. In their brief, the Commissioner and the Director allege that, from 2008 to December 2009, the nursing facility was holding $7,285 in a bank account separate from Marino's checking account that contained all of her other assets to be applied to her care as needed. The Commissioner and the Director plan to verify this during discovery. If their allegation is correct, Marino was not even technically resource-eligible for Medicaid benefits during the disputed time period. *See* N.J. Admin. Code § 10:70-4.8 (stating that the qualifying resource limit for individuals is $4,000).

4